### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | |
|---|---|
| IVAN QUINTEL METCALF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 7:14-cv-01196-SLB-JEO |
| | ) |
| CAPTAIN AGEE, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

The magistrate judge filed a report and recommendation on July 28, 2015, recommending that the plaintiff's claims against defendants Kim Thomas be dismissed with prejudice, that the plaintiff's claims against defendants Mike Agee and Gene Mitchell be dismissed with prejudice, that the plaintiff's claims against defendant Tim Owens in his official capacity be dismissed with prejudice, and that the plaintiff's claims pursuant to ALA. CODE §§ 14-3-13, 14-3-16, 14-3-52, and 14-4-11 be dismissed.  The magistrate judge further recommended that the defendant's motion for summary judgment as to the plaintiff's claims against defendant Tim Owens in his individual capacity be denied and referred to the magistrate judge for further proceedings.  Although all parties were notified of their right to file objections, the court has received objections only from the plaintiff.[1]  (Doc. 43).

---

[1] The court also received a notice of supplemental filing from defendants Agee, Mitchell and Owens (doc. 41), which stated that the failure to provide the court with a copy of video

The plaintiff's sole contention in his objections concerns the magistrate judge's finding that defendant Owens is entitled to judgment in his favor on the plaintiff's official capacity claims.  According to the plaintiff, because defendant Owens was on active duty at the time of the alleged assaults, defendant Owens acted "under color of law."  (Doc. 43).  The plaintiff's objection misconstrues Eleventh Amendment immunity as it relates to § 1983 claims.

To bring a claim under § 1983, a plaintiff must show that the named defendant was acting "under color of state law."  *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995) (citing 42 U.S.C. § 1983).  "A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state."  *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). That requirement means that a wholly private individual cannot be sued for the exact same actions alleged here under § 1983.  *See Focus on the Family v. Pinellas Suncoast Transit Auth*., 344 F.3d 1263, 1277 (11th Cir. 2003) (citation omitted) ("the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."). This is distinct from the question of individual and official capacity.

---

recordings of some of the events in question was an oversight, and that the same was being provided contemporaneously therewith.  Consideration of the video footage does not alter the findings of fact as set forth in the Report and Recommendation of July 28, 2015.

Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dep't of Soc. Serv. of City of N.Y.*, 436 U.S. 658, 690 n. 55 (1978). Thus, suits against government officials in their official capacities should be treated as suits against the government. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). "[S]uits against an official in his or her official capacity are suits against the entity the individual represents," thus a suit against a state employee in his official capacity "is simply ... a claim against the State of Alabama." *Parker v. Williams*, 862 F.2d 1471, 1476 n. 4 (11th Cir.1989). Hence, the Eleventh Amendment protects a sheriff's deputy or county jail official from suit in his official capacity.[2] *See Welch v. Laney*, 57 F.3d 1004, 1008-1009 (11th Cir. 1995); *Carr v. City of Florence, Ala*., 916 F.2d 1521, 1525-1526 (11th Cir.1990). In contrast, a suit against a state or county employee in his individual capacity is not a suit against the State and hence not barred by the Eleventh Amendment. *See Lundgren v. McDaniel*, 814 F.2d 600, 603 (11th Cir. 1987); *Gamble v. Florida Department of Health & Rehabilitative Services*, 779 F.2d 1509, 1512 (11th Cir. 1986).

---

[2]This bar is only against claims for money damages, suits for injunctive relief are not barred by the Eleventh Amendment. *See e.g., Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989). However, as the plaintiff is no longer housed in Lawrence County jail, this exception is inapplicable here.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the Court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** and the magistrate judge's recommendation is **ACCEPTED**. It is therefore **ORDERED** that

> 1. Defendant Kim Thomas' motion for summary judgment (doc. 20) is **GRANTED**, the court finding no genuine issues of material fact remain as to this claim and that this defendant is entitled to judgment in his favor as a matter of law.
>
> 2. Defendants Agee, Owens and Mitchell's motion for summary judgment (doc. 21) is **GRANTED** as to the plaintiff's claims against defendants Mike Agee and Gene Mitchell, the court finding no genuine issues of material fact remain as to these claims and that these defendants are entitled to judgment in their favor as a matter of law.
>
> 3. Defendants Agee, Owens and Mitchell's motion for summary judgment (doc. 21) is **GRANTED** as to the plaintiff's claims against defendant Tim Owens in his official capacity, the court finding no genuine issues of material fact remain as to these claims.
>
> 4. Defendants Agee, Owens and Mitchell's motion for summary judgment (doc. 21) is **DENIED** as to the plaintiff's claims against defendant Tim Owens in his individual capacity.
>
> 5. Plaintiff's claims pursuant to Ala. Code §§ 14-3-13, 14-3-16, 14-3-52, and 14-4-11 are **DISMISSED**

for failure to state a claim upon which relief may be granted.

Defendant Owens is **ORDERED** to file an answer to the remaining claims against him within twenty (20) days from the entry date of this order.

Also pending before the court are the plaintiff's motion to compel (doc 37) and motion for plaintiff's request for co-counsel and motion for plaintiff's request for leave to conduct additional discovery and request for production of additional discovery (doc. 40). The motions to compel and for additional discovery have been rendered **MOOT** by the defendants' subsequent production of records and video footage. The portion of plaintiff's motion seeking co-counsel in document 40 is also rendered **MOOT** by plaintiff's subsequent filing of a motion for appointment of counsel. The clerk is therefore **DIRECTED** to term docs. 37 and 40. The plaintiff's motion for appointment of counsel (doc. 42) remains pending.

**DONE** this the 30th day of September, 2015.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
SENIOR UNITED STATES DISTRICT JUDGE