IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| IVAN QUINTEL METCALF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action Number: |
| ) | 7:14-cv-1196-KOB-JEO |
| CAPTAIN MIKE AGEE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff Ivan Quintel Metcalf, acting through counsel, has filed a document styled as a "Stipulation for Dismissal with Prejudice," advising that the remaining parties have reached a settlement. (Doc. 54). However, a "stipulation of dismissal" must be signed by each of the relevant parties, on both sides of the ledger. *See* FED. R. CIV. P. 41 (a)(1)(A)(ii). The instant filing is signed only by Plaintiff's counsel, not defense counsel. (Doc. 54 at 1). And while a plaintiff may also file a voluntary "notice of dismissal" that is operative without a court order, he may only do so before the opposing party has served either an answer or a motion for summary judgment. *See* FED. R. CIV. P. 41(a)(1)(A)(i). Here, the Plaintiff's instant filing was preceded by a motion for summary judgment. (*See* Docs. 20, 21, 30, 31, 39, 44). Accordingly, Plaintiff's filing itself is not operative to dismiss the action without a court order under either Rule 41(a)(1)(A)(i) or (ii).

Nonetheless, an action may be otherwise dismissed at the plaintiff's request by a court order, on terms that the court considers proper. FED. R. CIV. P. 41(a)(2). Here, Plaintiff's filing expressly acknowledges that he is amenable at this time to an unconditional dismissal with prejudice. Accordingly, the court will treat Plaintiff's "Stipulation of Dismissal with Prejudice" as a motion for a voluntary dismissal with prejudice under Rule 41(a)(2). The court, discerning no unfair prejudice to any party, concludes that the motion (doc. 54) is due to be **GRANTED**.

The court will enter a separate Final Order.

DONE and ORDERED this 8th day of July, 2016.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE